No. 6968

First Circuit Appeal

---

ABRAHAM DAVIS v. SAM FIGARO

---

(June 12, 1925, Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Appeal—Par. 429, 430, 594.**

On the appeal by the defendant of a judgment taken by default there was no suggestion of error nor any note of evidence. The court of appeal therefore presumes the judgment of the lower court to be correct and affirmed the judgment of the lower court, dismissing the appeal.

Appeal from the Twenty-fifth Judicial District, Parish of Tangipahoa, Hon. Columbus Reid, Judge.

This is an appeal from a judgment on an injunction enjoining a sale under a judgment by default. The record is incomplete. Therefore the judgment appealed from is affirmed.

Joe Rosenberg, of New Orleans, and W. H. Houghton, of Kentwood, attorneys for plaintiff, appellant.

Kemp & Buck, of Amite, attorneys for defendant, appellee.

ELLIOTT, J. The plaintiff, Abraham Davis, instituted executory proceedings against defendant, Sam Figaro, the object and purpose of which was to have the tract of land with the buildings and improvements thereon described in plaintiff's petition seized and sold to pay three mortgage notes described in the petition and annexed thereto, amounting in the aggregate to $500.00 with interest and attorney's fees and said to be accrued by mortgage on said property.

The defendant, Figaro, enjoined the sale alleging in his petition that Davis did not own the notes sued on; was a possessor of same in bad faith and holder in collusion from A. Becker; that the notes had been paid and Becker had no right nor title thereto and therefore could not convey any right to Davis. The record shows that Davis was duly cited to answer the petition of said Figaro; that no answer was filed by said Davis and a judgment by default was entered in favor of Figaro and confirmed and signed by the judge.

Davis appealed, but has not filed a brief, nor suggested any error and the record contains no note of evidence.

We have examined the record and do not find any error by which it can be said that the judgment should not have been rendered.

In such cases we are unable to do more than affirm the judgment appealed from.

For the above reasons the judgment appealed from is affirmed, the said Davis to pay the cost of both courts.